May 18, 2026

Request GRANTED.  The Court will consider Defendant's reply memorandum as filed.

**VIA ECF / Pro Se Intake Unit**

Dated: May 20, 2026
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Hon. Jennifer L. Rochon

United States District Court

Southern District of New York

500 Pearl Street, Room 1920

New York, NY 10007

Re:  *Berger v. Sánchez*, No. 1:26-cv-02506 (JLR)
     **Letter Motion for Leave to File Reply Memorandum in Excess of Word Limit**

Dear Judge Rochon:

Pursuant to Local Civil Rule 7.1(c) and Rules 1.A, 3.C, and 3.H of the Court's Individual Rules of Practice in Civil Cases, Defendant respectfully requests leave to file his Reply Memorandum of Law in further support of his Motion for Preliminary Injunction (Dkt. No. 54) in excess of the 3,500-word limit for reply memoranda.

Plaintiff's opposition introduced, for the very first time on this motion, substantial new sworn factual material that requires documentary rebuttal and materially expanded the record on which the Court will decide the motion.

First, Plaintiff conveniently submits the sworn Declaration of Camilo Godoy (Dkt. No. 77) and relies extensively on the contractual rights, communications, and editorial decisions of non-party Phaidon Press throughout the Berger Declaration (Dkt. No. 78). *See, e.g.*, Berger Decl. ¶¶ 16, 25, 27, 29, 33, 37. Plaintiff has separately opposed Defendant's pending Rule 19 motion (Dkt. No. 43) on the ground that Mr. Godoy, Phaidon, and the other absent parties lack the interests required for joinder. Plaintiff nevertheless now relies on Mr. Godoy's sworn declaration and on Phaidon's contractual rights and substantive positions to support the merits of his opposition here.

The Godoy Declaration is contradicted at material points by Mr. Godoy's own contemporaneous written communications, including Mr. Godoy's June 30, 2025 email to Professor Tavia Nyong'o attributing co-authorship of the Editors' Introduction to Defendant in writing. Sánchez Reply Decl. Ex. B. Plaintiff's reliance on Phaidon's exclusive-license provision (Berger Decl. ¶ 16), Phaidon's representations regarding consent and omission (Berger Decl. ¶ 33), and Phaidon's offer to acknowledge copyright in the Editors' Introduction (Berger Decl. ¶ 27) requires documentary engagement with Phaidon's own contemporaneous file. Sánchez Reply Decl. Ex. C. Rebuttal of these issues, on points central to authorship, the Section 204(a) and Section 411(a) analyses, and likelihood of success, cannot reasonably be accomplished within the standard reply word limit.

1

Second, the Berger Declaration contains sworn admissions that recur across multiple doctrinal arguments and warrant direct engagement, including:

- ¶ 20 — Plaintiff's sworn representation that he has "removed and/or replaced everything in the Book as to which Defendant could make even a weak claim," which is contradicted by Plaintiff's publisher's own contemporaneous file (Sánchez Reply Decl. Ex. C), Plaintiff's September 4, 2025 written credit agreement (Sánchez Reply Decl. Ex. A), and Plaintiff's continued use of the Schedule 1 conceptual architecture;
- ¶ 27 — Plaintiff's sworn admission that he and Phaidon "offer[ed] to acknowledge a copyright for the introduction," a fact that appears nowhere in Plaintiff's opposition brief and bears directly on the Section 411(a), Section 204(a), and likelihood-of-success analyses;
- ¶ 34 — Plaintiff's sworn admissions that the Editors' Introduction was "co-authored by Defendant and Godoy" and that Plaintiff "removed any words spoken by Defendant, no matter how innocuous," admissions central to the joint-authorship and equitable analyses; and
- ¶¶ 23 and 32 — Plaintiff's own sworn descriptions of Defendant's August 12, 2025 reservation-of-rights letter and September 23, 2025 cease-and-desist letter, both of which corroborate the continuous protective timeline relevant to Plaintiff's delay argument.

Third, the opposition raises substantive doctrinal arguments under 17 U.S.C. § 411(a), 17 U.S.C. § 204(a), the joint-authorship licensing rule discussed in *Davis v. Blige*, 505 F.3d 90 (2d Cir. 2007), and the public-interest factor governing preliminary injunctions, each of which requires direct legal engagement. The Reply addresses these arguments through controlling Second Circuit and Supreme Court authority, including *Childress v. Taylor*, 945 F.2d 500 (2d Cir. 1991); *N.Y. Times Co. v. Tasini*, 533 U.S. 483 (2001); *Faulkner v. Nat'l Geographic Enters., Inc.*, 409 F.3d 26 (2d Cir. 2005); *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275 (2d Cir. 2012); and the authorities Plaintiff himself relies upon in opposition.

Defendant has edited the Reply for concision and respectfully submits that the additional length is necessary to address (a) the new sworn declarations of Plaintiff and Mr. Godoy and Plaintiff's substantive reliance on non-party Phaidon's contractual rights, (b) the new factual assertions introduced in Plaintiff's opposition, and (c) the substantive doctrinal arguments raised in opposition. The imminent nature of the threatened harm—Plaintiff's newly sworn intent to publish in Autumn 2026 with Defendant's authored contributions and credit removed—heightens the need for complete engagement with the opposition's record on this motion, as any factual or doctrinal point left unaddressed in the reply cannot be remedied once publication proceeds.

Consistent with the parties' joint request for expedited consideration of this motion (Letter from R. Adelman, Esq., May 7, 2026), Defendant respectfully submits that the motion may be decided on the papers without oral argument, although Defendant remains available should the Court determine that oral argument would be useful.

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file the Reply Memorandum, together with the accompanying Reply Declaration of Jorge Sánchez and

exhibits, in excess of the 3,500-word limit set forth in Local Civil Rule 7.1(c) and Rule 3.C of the Court's Individual Rules.

Respectfully submitted,

*Jorge A Sanche*

Jorge Sánchez
Defendant/Counter-Plaintiff, Pro Se
351 Lemonick Ct. #212
Princeton, NJ 08540
787.363.4833

*cc: All counsel of record (via ECF)*

3