# ARTxLAW

2026-07-07

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
United States District Court (SDNY)
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

The Court will hold a hearing on this dispute on **July 14, 2026**, at **11:30 a.m.**, remotely via Microsoft Teams. Log-in credentials will be sent to the parties at their email addresses on the docket. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 331 225 178#. The Clerk of Court is respectfully directed to close the motion at Dkt. 97.

Dated: July 8, 2026
New York, New York

**SO ORDERED.**

Jennifer Rochon
**JENNIFER L. ROCHON**
**United States District Judge**

**Re:** ***Berger v. Sánchez* / Case 1:26-cv-02506-JLR**

Dear Judge Rochon:

We represent the Plaintiff in this action. We write to inform the Court about a discovery dispute that has, remarkably, already developed: the *pro se* Defendant's outright refusal to produce documents and answer interrogatories at any time. Accordingly, Plaintiff has no choice but to respectfully submit this letter motion seeking an order compelling Defendant to respond promptly to our interrogatories and document requests.

Per the Scheduling Order entered on 2026-June-18 (Dkt-96), the parties were to, among other things, serve their initial interrogatories and document requests by July 2. We served them that day using the same email address that Defendant has used for many months when communicating with us. On July 6, Defendant informed us that he refused to accept service at that address, and that, since the "deadline" was July 2, we had waived our right to seek documents and interrogatory answers ***permanently***.[1] In Defendant's own words (the email chain is annexed) stated that:

> You have already been advised that your attempt to serve or rely on interrogatories or initial document requests after the Court-ordered July 2, 2026 deadline is untimely and improper. I do not consent to any extension of that deadline. ***If you seek to rely on those requests, you must seek relief from the Court.*** [emphasis added]

[1] Yesterday, we re-served the discovery demands by overnight mail to Defendant's street address in Princeton, NJ.

As Defendant demands, and because of his intransigence, we are hereby seeking relief from the Court.

Defendant did not provide any authority for his absolute and permanent refusal to provide documents and information in this action, and we could not find any such authority. Accordingly, we hereby respectfully request that Defendant be ordered to fully respond to our interrogatories and document requests. Since the demands were re-served by overnight mail yesterday, July 6, we respectfully submit that 30 days from today (August 8) is a reasonable deadline for Defendant's responses.

In accordance with Section 2(E) of the Court's Individual Practices, we attempted yesterday to contact Defendant by phone and left a voicemail message referencing our obligations to confer pursuant to the Court's rules. Defendant has not responded and, given his past conduct (including ignoring for months service of process at his actual residence), we believe that he is unlikely to do so.

No prior request has been made for the relief sought by this letter motion.

Respectfully yours,

*Ronald W. Adelman*

Ronald W. Adelman
ron@artxlaw.com

enclosure
cc: Defendant *pro se* (by ECF)

**From:** Georgie Sánchez <georgies@princeton.edu>
**Sent:** Monday, July 6, 2026 11:36 AM
**To:** John Cahill <john@artxlaw.com>
**Cc:** jsanch04@gmail.com; Ron Adelman <ron@artxlaw.com>
**Subject:** Re: Berger v. Sanchez - Discovery Materials

You have already been advised that your attempt to serve or rely on interrogatories or initial document requests after the Court-ordered July 2, 2026 deadline is untimely and improper. I do not consent to any extension of that deadline. If you seek to rely on those requests, you must seek relief from the Court.

On Mon, Jul 6, 2026 at 11:21 AM John Cahill <john@artxlaw.com> wrote:

> Dear Mr. Sanchez:
>
> Your intention is apparent. We decline to use email when it suits you and not when it prejudices our client and causes delay for no reason other than to cause delay and additional expense.
>
> This will be our last reply to an email from you unless you agree to accept email and otherwise proceed with courtesy and common sense.
>
> Please note that we are not counsel of record for the matter that is the subject of the earlier-agreed mediation on July 20th. You have counsel in that matter and should communicate through him to Dr. Berger's counsel of record.
>
> Very truly yours,
>
> Very truly yours,
>
> John R. Cahill
>
> john@artxlaw.com
> ARTxLAW PLLC
> Main 212-719-4400
> Mobile 917-674-5135
> *Mobilis in Mobili*
> https://artxlaw.com/
> CONFIDENTIALITY NOTICE: This email and the attachments are ***legally privileged and confidential***.

---

**From:** Georgie Sánchez <georgies@princeton.edu>
**Sent:** Monday, July 6, 2026 11:05 AM
**To:** John Cahill <john@artxlaw.com>
**Cc:** jsanch04@gmail.com; Ron Adelman <ron@artxlaw.com>
**Subject:** Re: Berger v. Sanchez - Discovery Materials

Mr. Adelman,

I am prepared to attend the July 20, 2026 mediation as scheduled and to attempt in good faith to resolve this and related matters. At the same time, however, I have been advised through the Court-referenced pro se clinic to continue preserving my rights, objections, claims, defenses, and discovery deadlines as though mediation may not resolve the case.

That includes pursuing discovery into how Dr. Berger's discriminatory conduct, pathologization of me, physician/prescribing relationship with me, and retaliation developed alongside and became intertwined with the copyright and authorship dispute now before the Court.

Your email misstates my position. I objected to counsel's improper service of unfiled discovery papers by direct email. That procedural objection is not a refusal to communicate, not a refusal to confer, and not a refusal to participate in mediation. Nor is it a waiver of my objections to the manner of service.

Jorge Sánchez

On Mon, Jul 6, 2026 at 9:52 AM John Cahill <john@artxlaw.com> wrote:

> Dear Mr. Sanchez:
>
> Not since before the Millennium have we had even the most uncooperative party refuse to accept service by email for obvious reasons that go beyond courtesy. The message in your email, however, is clear and is received.
>
> But it is a two-way street. If you want our client to incur the expense—and more importantly, the time/intentional delay—of dealing with you by mail, you will have to do the same. Please do not email us again as it is unfair for you to have the benefit without reciprocating to the benefit of our client.

We have also understood your refusal to communicate by email that you do not wish to mediate or otherwise attempt to resolve this and other matters. If you disagree, let us know. We'll look for your correspondence in the mail and respond by mail as you propose.

If it has now occurred to you that this is a pointless and self-inflicted harm, let us know that by email by immediate reply.

Very truly yours,

John R. Cahill
john@artxlaw.com
**ARTxLAW PLLC**
Main 212-719-4400
Mobile 917-674-5135
*Mobilis in Mobili*
https://artxlaw.com/

**CONFIDENTIALITY NOTICE:** This email and the attachments are ***legally privileged and confidential.***

---

**From:** Georgie Sánchez <georgies@princeton.edu>
**Sent:** Monday, July 6, 2026 8:55 AM
**To:** Ron Adelman <ron@artxlaw.com>
**Cc:** John Cahill <john@artxlaw.com>
**Subject:** Re: Berger v. Sanchez - Discovery Materials

Mr. Adelman,

I have not consented in writing to service of discovery papers by direct email from counsel. The Pro Se Consent & Registration Form to Receive Documents Electronically that I executed on April 1, 2026, concerns the Court's electronic-filing system: by its terms, it provides for a Notice of Electronic Filing each time a document is filed in the case, governs PACER access to filed documents, and imposes a duty to review the docket sheet.

Discovery requests and deposition notices ordinarily are not filed with the Court, see Fed. R. Civ. P. 5(d)(1)(A), do not generate Notices of Electronic Filing, and do not appear on the docket. The consent form therefore does not constitute written consent to service by "other electronic means"—direct email from counsel—within the meaning of Fed. R. Civ. P. 5(b)(2)(E). Consistent with that understanding, I served my own interrogatories by mail under Rule 5(b)(2)(C), and I am likewise serving my First Set of Requests for Admission by mail.

Those Requests concern, among other things, Dr. Berger's physician/prescribing relationship with me during the same period in which he allegedly exercised authority over the project, funded the work, sought to direct the terms of my continued participation, and engaged in discriminatory conduct witnessed by several people. That overlap is directly relevant to the asymmetry of power, the ethical and professional concerns raised by his conduct, and the factual basis for my discrimination and retaliation claims.

In any event, even if the consent form were read more broadly, it identifies a single email address for electronic service: jsanch04@gmail.com. Your July 2, 2026 email was not sent to that address; it was sent to georgies@princeton.edu. I have not provided written consent to electronic service at the address used.

I also object under Fed. R. Civ. P. 32(d)(1) to the irregularity in the service of the deposition notice. I remain willing to confer on a mutually workable deposition schedule. As discovery proceeds, the parties will also need to coordinate deposition scheduling for Dr. Berger and relevant third-party witnesses.

Neither my receipt of your email nor this response constitutes consent to, acceptance of, or waiver of my objection to the method of service. I reserve all substantive and procedural objections to the interrogatories, document requests, and deposition notice.

Regards,

Jorge Sánchez

On Thu, Jul 2, 2026 at 5:00 PM Ron Adelman <ron@artxlaw.com> wrote:

> Attached are service copies of:
>
> - Plaintiff's Initial Disclosures
> - Plaintiff's First Set of Interrogatories to Defendant
> - Plaintiff's First Set of Document Requests to Defendant
> - Deposition Notice to Defendant
>
> Ronald W. Adelman
> ron@artxlaw.com
> **ARTxLAW PLLC**
> Main 212-719-4400
> Mobile 917-331-6723
> *Mobilis in Mobili*
> https://artxlaw.com/
> **CONFIDENTIALITY NOTICE:** This email and the attachments are ***legally privileged and confidential.*** If received in error, please do the right thing: Delete it without reading any of the contents. Thank you.