USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 08/28/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL BERGER,
Plaintiff,
-against-
JORGE SANCHEZ,
Defendant.

JORGE SANCHEZ,
Counterclaimant,
-against-
DANIEL BERGER, et al.,
Counterdefendants.

26-CV-2506 (JLR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

**Alternative Service**

On July 16, 2026, plaintiff Daniel Berger filed a letter-motion requesting the Court to authorize alternative service of document and deposition subpoenas on non-party Michael Sodomick, a sitting trustee of counterdefendant Leslie Lohman Museum of Art (LLMA). Dkt. 107. Plaintiff proposes to serve Sodomick through his attorney Jennifer B. Hagedorn of Bowles Rice LLP (Bowles Rice). On July 20, 2026, defendant Jorge Sanchez (a licensed attorney who was representing himself in this matter) responded that he did not oppose the motion for alternative service, but he did object to "the July 29, 2026 deposition date stated in the copy of the deposition subpoena served on Defendant." Dkt. 117. Defendant added that "a September deposition date should be achievable." *Id*. at 2. On July 22, 2026, LLMA appeared in this action through attorney Gabriela Tremont of Gordon Rees Scully Mansukhani, LLP. Dkt. 111.

Plaintiff's motion for alternative service is GRANTED. If Mr. Sodomick requires a subpoena (that is, if counsel of record for LLMA is unwilling to produce him as a party witness or accept service of a subpoena on his behalf), plaintiff is hereby authorized to serve any necessary subpoenas on Sodomick by serving attorney Hagedorn, via (i) email, at her Bowles Rice email address, and (ii) certified mail, or other delivery service that provides proof of receipt, to her Bowles Rice office address. Since July 29 has now come and gone, plaintiff must designate new response and production dates, at least 14 days after the date on which the subpoenas are served.

**Other Discovery Disputes**

On August 18, 2026, plaintiff Berger and counterdefendant Camilo Godoy requested a discovery conference regarding the "refusal" by defendant Sanchez "to engage meaningfully in the discovery process." Dkt. 128 at 1. They note, among other things, that Sanchez did not respond to

plaintiff's first set of written discovery demands by August 10, 2026, despite having assured the district judge at a recent conference that he would do so. *Id*. In his responding letter, defendant Sanchez defended his discovery-related conduct as reasonable, but advised the Court that he was preparing to "enter an inpatient mental-health treatment program," and requested an extension, until September 30, 2026, to respond to Berger's written discovery demands. Dkt. 131 at 1, 2. On August 28, 2026, attorney Jonathan Wallace entered an appearance on Berger's behalf. Dkt. 133.

This Court will hold a telephonic discovery conference on **September 10, 2026** at **11:00 a.m.** A few minutes before the conference, the parties must call (855) 244-8681 and enter the access code 2314 181 4376#. In advance of the conference, counsel for all appearing parties must meet and confer in good faith, in an effort to agree on a schedule for discovery going forward. No later than September 8, 2026, the parties must submit a joint update letter advising the Court as to any agreements they have reached. Defendant Sanchez's request for an extension of his deadline to respond to plaintiff's written discovery demands is DENIED without prejudice to renewal, if supported by admissible evidence showing that Sanchez's "medical circumstances" warrant such relief.

The Clerk of Court is respectfully directed to close the motion at Dkt. 107.

Dated: New York, New York
August 28, 2026

**SO ORDERED**.



**BARBARA MOSES**
**United States Magistrate Judge**